**Jane H. BROWNING, Individually and as Co–Independent Executrix of the Estate of William W. Browning, Jr., Deceased, et al., Plaintiffs–Appellees,**

v.

**Don NAVARRO, Individually and as Trustee for Pat S. Holloway, et al., Defendants,**

**Pat S. Holloway, Defendant–Appellant.**

**No. 90–1356.**

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1991.

Roy O. Minton, Charles R. Burton, and Martha S. Dickie, Minton, Burton, Foster & Collins, Austin, Tex., for defendant-appellant.

R. Jack Ayres, Jr., Tom Murto, Dallas, Tex., for Jane H. Browning, individually, etc., et al.

Before GEE, JONES, and SMITH, Circuit Judges.

PER CURIAM:

AFFIRMED. *See* Local Rule 47.6.; *See also Browning v. Navarro (III)*, 887 F.2d 553 (5th Cir.1989), *reh'g denied*, 894 F.2d 99 (5th Cir.1990); *Browning v. Navarro (II)*, 826 F.2d 335 (5th Cir.1987); *Browning v. Navarro (I)*, 743 F.2d 1069 (5th Cir.1984); *Holloway v. Walker*, 784 F.2d 1287 (5th Cir.1986), *reh'g denied*, 790 F.2d 1170 (5th Cir.1986); *cert. denied*, 479 U.S. 984, 107 S.Ct. 571, 93 L.Ed.2d 576 (1986):

First, the trial court judgment provision which mentions the validity of the state court judgment merely recites and is no broader than our holding in Browning III and the oft stated rule of res judicata, which bars not only issues which were raised but as well those that *could have been*. Although nothing in the district court's judgment or in any of our opinions prejudices Mr. Holloway's right to seek an equitable bill of review, the principles of claim and issue preclusion may bar particular claims or issues sought to be raised in such a bill.[1] Trusting in the state courts' competence, we leave to them the application of these principles and the decision whether our holdings in the many related cases involving these parties and this state court judgment bar any or all of the claims or issues raised in Mr. Holloway's pending state equitable bill of review.[2]

Second, the judgment provision relating to enforcement of the monetary portion of the state court judgment is properly before the district court on appeal from the bankruptcy court and is not before us at this time.

---

1. By letters filed pursuant to FRAP Rule 28(j), the parties advised that such a pending state proceeding is now concluded.

2. The parties and attorneys in this case are specifically directed to comply with the constraints of Federal Rules of Appellate Procedure 35 and 40 and, especially, Fifth Circuit Local Rule 35 and the Fifth Circuit Internal Operating Procedures accompanying Federal Rules of Appellate Procedure 35 and 40.