Pat S. HOLLOWAY, et al., Appellants,

v.

Michael G. STARNES, et al., Appellees.

No. 05–91–00571–CV.

Court of Appeals of Texas,
Dallas.

June 30, 1992.

Rehearing Denied Aug. 27, 1992.

Roy Q. Minton, Austin, Arch McColl, Tom James, Dallas, Michael J. Semmang, Giddings, Michael S. McColloch, Dallas, for appellants.

Jack Aynes Jr., Thomas V. Murto III, Dallas, Frank Douglas, Thomas Reavley, Austin, John B. Kyle, Dallas, for appellees.

Before STEWART, BAKER and MALONEY, JJ.

## OPINION

STEWART, Justice.

Pat S. Holloway, Robbie Holloway, and Flojo Trading Corporation (collectively appellants) appeal from a summary judgment granted in favor of Michael G. Starnes and the Browning family (collectively appellees) on appellants' bill of review. Each appellant has filed a separate brief, complaining that the trial court erred in granting appellees' amended motion for summary judgment and in denying their first, third, and sixth motions for partial summary judgment. Additionally, Pat Holloway (Holloway) argues that the trial court erred in denying his request to supplement the summary-judgment record and in permanently enjoining further attack on the judgment in favor of the Brownings. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

The litigation between the parties began on September 12, 1979, when the Brownings sued Holloway, Robbie, Humble Exploration Company, and others in Texas state court seeking a constructive trust on Humble's and Holloway's assets, appointment of an interim receiver to manage the disputed assets, and damages (the 1979 case). The 1979 case was filed in the 193rd District Court in Dallas County, Texas. Holloway, Robbie, and Humble filed Chapter 11 voluntary bankruptcy petitions on November 19, 1979 and removed the 1979 case to the United States Bankruptcy Court for the Northern District of Texas (the bankruptcy court). The bankruptcy court remanded the cause to the 193rd District Court and modified the automatic stay to permit trial of the case.

In 1982, a group of investors sued Holloway and the Brownings in the 162nd District Court of Dallas County, Texas, alleg-

ing that Humble had wrongfully shut in oil and gas wells jointly owned by Humble and the investors and seeking appointment of a receiver over Humble's assets (the 1982 case).[1] The Brownings cross-claimed against Holloway, alleging the same issues pending in the 1979 case. After a series of orders, the 1979 and 1982 cases were consolidated for trial in the 162nd District Court by Judge Dee Brown Walker, the elected judge of that court. Judge Walker later severed the 1979 and 1982 cases and granted the Brownings an expedited trial of the 1979 case. On October 12, 1982, Holloway converted his Chapter 11 bankruptcy proceeding to a Chapter 7 liquidation proceeding. The bankruptcy court appointed a trustee. On November 11, 1982, the trial court entered an amended judgment for the Brownings imposing a constructive trust on Humble's and Holloway's assets and awarding $72 million in damages (the Walker judgment).[2]

On November 18, 1982, Holloway sued Judge Walker, the Brownings, and the Brownings' attorneys in federal court under title 42, section 1983 of the United States Code (the civil rights suit). Holloway alleged that the Brownings, their attorneys, and Judge Walker had conspired to deny him a fair trial in the state-court trial of the 1979 case. The district court dismissed with prejudice Holloway's section 1983 claim and dismissed without prejudice his pendent state-law claims for negligent and wrongful receivership. The judgment was affirmed on appeal. *Holloway v. Walker*, 784 F.2d 1287 (5th Cir.), *cert. denied*, 479 U.S. 984, 107 S.Ct. 571, 93 L.Ed.2d 576 (1986).

After filing the civil rights suit, Holloway appealed the Walker judgment to this Court, but posted no supersedeas bond to stay its execution. In March 1983, the Brownings sued in the federal bankruptcy court to enforce the Walker judgment (the enforcement action). The bankruptcy court upheld the bankruptcy trustee's de-

---

1. The Brownings were named as defendants because of their claim in the 1979 case to ownership of the Holloway/Humble assets.

2. The 1982 case remained dormant until 1987, when the Brownings' third-party complaint against Holloway was dismissed with prejudice upon the parties' joint motion.

fense that the trial of the 1979 case violated the bankruptcy court's conditional remand order requiring trial before a visiting or retired judge and that, therefore, the Walker judgment was void. *See Browning v. Navarro*, 37 B.R. 201, 210 (N.D.Tex. 1983). Then, on July 11, 1984, this Court granted the Brownings' motion to dismiss Holloway's appeal on the ground that his defense to the enforcement action was a review of the Walker judgment that was inconsistent with his direct appeal and that Holloway was not entitled to two types of review of the Walker judgment. *Humble Explor. Co. v. Browning*, 677 S.W.2d 111, 114–15 (Tex.App.—Dallas 1984), *on mot. to reinstate*, 690 S.W.2d 321 (Tex.App.—DAllas 1985, writ ref'd n.r.e.) (en banc), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). Subsequently, the Fifth Circuit reversed the district court's decision in the enforcement action that the judgment was void and held that the 162nd District Court had jurisdiction to enter the Walker judgment. *Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984) (Browning I). Thereafter, this Court vacated its prior order of dismissal; however, we later reinstated the order of dismissal. *Humble Explor. Co. v. Browning*, 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). On remand of the enforcement action, the bankruptcy court denied Holloway's motion for summary judgment based on alleged fraud in the state-court proceedings. Holloway appealed, and the Fifth Circuit narrowed the issues in the case as follows: (1) Holloway could argue that the Walker judgment was void because it was obtained by fraud; and (2) the Brownings could argue that res judicata barred Holloway from raising the issue of fraud. *Browning v. Navarro*, 826 F.2d 335, 346 (5th Cir.1987) (Browning II). On remand, the bankruptcy court denied the Brownings' motion for summary judgment and held that res judicata did not bar Holloway's attack on the Walker judgment. This issue was certified for interlocutory appeal. On appeal, the Fifth Circuit reversed and held that res judicata precluded Holloway's claims that the Walker judg-

ment was procured by fraud. *Browning v. Navarro*, 887 F.2d 553, 559–60 (5th Cir. 1989) (Browning III).

On June 16, 1986, appellants filed this combined collateral attack and bill of review in the 162nd District Court attacking the Walker judgment. The bill of review alleged that appellants had meritorious defenses to all of the claims asserted by the Brownings in the trial of the 1979 case. They further alleged that, through no fault, negligence, or lack of diligence on their part, they were prevented from fully presenting their defenses because of (1) Judge Walker's bias, fraud, and conspiracy with the Brownings, their attorneys, and others and (2) Judge Walker's various unconstitutional and illegal rulings. Holloway also asserted that he had no control over and no way to prevent Judge Walker's bias and fraudulent conspiracy with the Brownings and their attorneys. Appellees subsequently moved for summary judgment. Appellants filed several motions for partial summary judgment. The trial court granted appellees' amended motion for summary judgment and enjoined Holloway and Robbie from further state-court litigation seeking to overturn the Walker judgment. Appellants then perfected this appeal.

## APPELLEES' MOTION FOR SUMMARY JUDGMENT

Appellees' amended motion for summary judgment alleged, *inter alia*, that: (1) appellants' collateral attack and bill of review were barred by res judicata and collateral estoppel; (2) the collateral attack was without merit because the Walker judgment contains a jurisdictional recital that imports absolute verity and is conclusive; (3) Flojo is prohibited by section 171.252 of the Texas Tax Code from either suing or defending a suit in the Texas courts; and (4) this Court dismissed appellants' appeal because they elected their remedy by claiming in defense to the enforcement action that the Walker judgment was void.

██ A bill of review, when properly brought, is a direct attack on a judgment. *Fender v. Moss*, 696 S.W.2d 410, 412 (Tex.

App.—Dallas 1985, writ ref'd n.r.e.). It is the proper method to attack a judgment when the trial court had jurisdiction to render judgment on the merits. *Gonzalez v. Mann*, 584 S.W.2d 928, 930 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The purpose of a direct attack is to change the former judgment and to secure the entry of a correct judgment. *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973). This relief may be obtained on the basis of any error that probably caused the rendition of an improper judgment. *Id.* In a direct attack, such as a bill of review, no presumptions are indulged in support of the judgment's validity. *Fender*, 696 S.W.2d at 412.

A collateral attack is proper only if the judgment is "void in law." *Gonzalez*, 584 S.W.2d at 930. The judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that it had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)); *Austin Indep. School Dist.*, 495 S.W.2d at 881. Errors other than lack of jurisdiction render the judgment merely voidable. *Cook*, 733 S.W.2d at 140. In a collateral attack, extrinsic evidence may not be used to establish a lack of jurisdiction. *Huffstutlar v. Koons*, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, orig. proceeding) (en banc). Jurisdictional recitals in the judgment control the rest of the record so that, even though other parts of the record show a lack of jurisdiction, if the judgment recites the contrary, the collateral attack fails. *Id.*

### A. Holloway's Arguments

In his first point of error, Holloway complains that the trial court erred in granting appellees' amended motion for summary judgment. Holloway's arguments under his first point of error concern only the granting of summary judgment on the bill of review. He raises no argument concerning the trial court's granting of summary judgment on his collateral attack. Holloway states that the granting of appellees' summary-judgment motion presents this Court with two issues of first impression in this state: (1) whether the prior dismissal of an appeal that does not involve a determination on the merits of the issues presented precludes a subsequent petition for bill of review either by application of res judicata or by concluding that the petitioner had failed to pursue available appellate remedies; and (2) whether related litigation in the federal court system that has not resulted in a determination of the merits of the issues presented by the bill of review will preclude the bill of review by application of res judicata or collateral estoppel. Accordingly, our discussion of Holloway's first point of error concerns only the bill of review.

In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When the trial court's judgment does not state the grounds upon which it granted the motion for summary judgment, the appellant must show that each of the independent arguments alleged in the motion is insufficient to support summary judgment. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Thus, if we determine that one of the grounds alleged supports the summary judgment, we affirm.

Appellees alleged in their amended summary-judgment motion that res judicata bars the claims raised in the bill of review. Res judicata applies to bill-of-review proceedings. *Rizk v. Mayad*, 603 S.W.2d 773, 779 (Tex.1980); *see Browning v. Navarro*, 923 F.2d 377 (5th Cir.1991) (per curiam) (Browning IV). The res judicata effect of federal litigation on subsequent state-court litigation is governed by the federal law of res judicata. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and both cases must involve the same cause of action. *Browning III*, 887 F.2d at 558 (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983)). Res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication. *Nilsen*, 701 F.2d at 560 (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)). It does not apply merely to those causes of action that were adjudicated. *Nilsen*, 701 F.2d at 560. A claim is not barred by res judicata if it could not have been brought. *Browning III*, 887 F.2d at 558.

Holloway acknowledges that "there is no question that the claims for relief presented by [him] in this bill of review arise out of the same common nucleus of operative fact as the claims and defenses asserted in the related federal litigation, such that in Restatement terms this case and the federal litigation involve the same transaction or cause of action." *See* RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). He asserts, however, that the federal-court judgments cannot bar this bill of review because the federal courts had no jurisdiction to hear this claim for equitable relief. *See Placke*, 698 S.W.2d at 363 (bill of review can be brought only in court that rendered the judgment sought to be vacated). He contends that the prior federal-court litigation is of no consequence to this bill-of-review proceeding. We disagree.

Holloway's analysis focuses on the nature of the proceeding itself. Res judicata, however, focuses on whether *claims* were or could have been brought in a prior action. The fact that the federal courts had no jurisdiction to hear Holloway's bill-of-review *proceeding* is irrelevant in determining whether his present *claims* were or could have been brought in a prior federal-court proceeding. If Holloway's present claims either were or could have been asserted in a prior proceeding, res judicata bars this bill of review. Accordingly, to determine the preclusive effect, if any, of the prior litigation between the parties, we first must pinpoint the nature of the claims asserted by Holloway then and now. If his claims are the same, we then must determine whether the claims either were or could have been brought in the prior federal litigation.

Appellees urge that all of Holloway's present claims either were or could have been presented in either the enforcement action or in the civil rights suit. In both cases, Holloway sought to avoid enforcement of the Walker judgment. In the civil rights suit, Holloway brought a section 1983 action against Judge Walker, the Brownings, legal counsel for the Brownings, and others, alleging that they had conspired to violate his civil rights in the 1979 case. Holloway asserted that the Walker judgment was void because the defendants had conspired to seize control of Humble through the abuse of Judge Walker's judicial office. *Holloway v. Walker*, 784 F.2d at 1289. Specifically, Holloway alleged that: (1) Judge Walker, the Brownings, the Brownings' attorneys, and the other defendants had arranged to have the 1982 case brought before Judge Walker's court contrary to the usual procedure for assigning cases; and (2) Judge Walker arranged to have the 1979 and 1982 cases consolidated in his court, imposed receiverships on Humble's and Holloway's assets, defied a mandamus order of this Court to refrain from interfering in Humble's business, appointed an incompetent receiver for Humble, dismissed many Humble personnel, posted guards at Humble's headquar-

ters to seize the building, prohibited release of corporate and legal files during the trial, and conducted ex parte meetings at a hotel near the courthouse regarding Humble's business. *Browning II*, 826 F.2d at 338. The district court granted summary judgment to all defendants, holding that the alleged acts of judicial conspiracy and lack of postdeprivation remedy did not amount to a violation of substantive due process cognizable under section 1983.[3] *Holloway*, 784 F.2d at 1290. The Fifth Circuit affirmed the summary judgment. *Id.*

In the enforcement action, Holloway urged that the Walker judgment was void because (1) it violated the automatic stay since it was not tried before a visiting or retired judge, and (2) Judge Walker and the Brownings' attorneys colluded to deprive him of a fair and complete trial by corruptly abusing the judicial process. After the district court's summary judgment for Holloway on the first ground above was reversed on appeal, *Browning I*, 743 F.2d at 1076–86, Holloway moved for summary judgment on the ground that Judge Walker and the Brownings' attorneys had colluded to corruptly abuse the judicial process. Specifically, Holloway asserted that the Brownings' attorneys clandestinely acted to have the 1979 case consolidated with the 1982 case and, behind Holloway's back, arranged to have the case set before Judge Walker; that Judge Walker was known to be under the control of the Brownings' attorneys, who often bragged about this fact; that the Brownings' attorneys bragged about their plans to "gut" Holloway in Judge Walker's court; that Judge Walker engaged in numerous private conferences with the Brownings' attorneys regarding the Brownings' attempts to take control of Humble's and Holloway's assets; that the Brownings' attorneys and Judge Walker engaged in private conferences during trial and colluded to give the jury instructions favorable to the Brownings; that Holloway was not given proper notice of meetings relating to the trial; that Holloway was denied access to documents and

files necessary to his defense because the receiver removed the documents and files from Humble's offices; that Judge Walker's mid-trial order discharging Holloway's and Humble's attorneys denied Holloway the right to effective counsel; that one of the Brownings' attorneys acted as bailiff for the jury during the course of the trial; and that, during the course of trial, the Brownings' attorneys were actively representing Judge Walker in other matters. *Browning II*, 826 F.2d at 345–46. The district court denied Holloway's summary-judgment motion.

The Fifth Circuit again reversed and held that the only defense remaining available to Holloway was that the Walker judgment was procured by fraud, although res judicata might bar consideration of the issue. *Id.* at 346. It stated that, to satisfy his burden to demonstrate that the Walker judgment was procured by fraud, Holloway had to demonstrate that the judgment was obtained as a result of a scheme or collusion that (1) was designed to corruptly influence the proceedings or to inhibit the ability of an adverse party to fully present his case or defense and (2) had the effect of foreclosing to him the opportunity to have a fair and complete trial. *Id.* at 345. To set aside the judgment, the court had to be convinced that the trial was rendered so fundamentally unfair by the scheme or collusion that the court lacked confidence that the judgment was soundly based on law and fact. *Id.* The Fifth Circuit stated that Holloway's pleadings, affidavits, and briefs alleged facts that, if proved, might meet this test. *Id.* If Holloway could satisfy his burden to show that the judgment was procured by fraud *and if res judicata did not bar consideration of that issue,* the bankruptcy court would determine the extent to which the Walker judgment would be enforced. *Id.* at 346. The court remanded the cause with instructions to allow the Brownings to amend their summary-judgment motion to allege res judicata. On remand, the motion was so amend-

---

**3.** The court noted that Texas courts in fact provided an adequate postdeprivation remedy through the right of appeal, which had been lost through a unique, complex mix of events "which Holloway played a major part in creating."

ed. The district court denied the Brownings' motion.

On interlocutory appeal from this judgment, the Fifth Circuit reversed and held that Holloway's claim was precluded by res judicata. The court noted that, in the enforcement action and in the civil rights case, the gravamen of Holloway's complaints was that the Walker judgment was fraudulently obtained. *Browning III*, 887 F.2d at 558. The court stated that the first three requirements of res judicata were satisfied because both claims involved one cause of action, the parties to the second actions were the same, and the civil rights judgment was final and on the merits. *Id.* The fourth prerequisite for application of res judicata was satisfied because the fraud claim could have been brought in prior suits between the parties. First, the bankruptcy court was authorized to entertain a motion to vacate the allegedly fraudulent state-court judgment. *Id.* at 559 (citing 11 U.S.C. § 105). Second, Holloway could have raised his fraud claim by invoking the bankruptcy jurisdiction of the district court that heard the civil rights case under the Emergency Rule.[4] *Browning III*, 887 F.2d at 560. Holloway's bankruptcy was still in progress when he brought the civil rights case, and he would have initiated an adversary proceeding had he sought to enjoin the Walker judgment. Under the Emergency Rule, a proceeding to enjoin a court had to be heard by the district court. Through this process, the district court hearing the civil rights case could have heard Holloway's fraud claims. *Id.* at 560 & nn. 11–13. Because all requirements of res judicata had been met, the Fifth Circuit concluded that Holloway's fraud claims were barred.

The Fifth Circuit recently pointed out that, although nothing in the district court judgment or in any federal opinion prejudiced Holloway's right to seek an equitable bill of review, the principles of res judicata or collateral estoppel may bar particular claims or issues sought to be raised by such a bill. *Browning IV*, 923 F.2d at 377.

Holloway's bill of review at issue in this appeal alleges that he was prevented from fully presenting his meritorious defenses at the trial of the 1979 case because of (1) Judge Walker's bias, fraud, and conspiracy with the Brownings, their attorneys, and others and (2) Judge Walker's various unconstitutional and illegal rulings. Holloway's pleading asserts that Judge Walker: (1) "acted as counsel" in the 1979 case; (2) was "interested" in the case; (3) was biased; and (4) conspired with the Brownings to decide the 1979 case against appellants. Holloway relies on most of the factual allegations relied on in the civil rights case and in the enforcement action to support his conspiracy and corruption theories. Holloway did not assert in those previous cases that Judge Walker was interested because he allegedly hired a former Dallas County judge to represent him in the case and paid him out of Humble's assets. However, this factual allegation could have been made in either of the prior suits in support of Holloway's fraud claim. The rest of Holloway's factual allegations have been asserted in previous actions and in this action for one purpose—to have the Walker judgment set aside as void or voidable. Holloway's present claims arise out of the same facts and involve the same parties as the civil rights case and the enforcement action. The judgments in both prior cases are final and on the merits. Holloway either made or could have made all of the claims that he now asserts in either the civil rights case or in the enforcement action. Further, the Fifth Circuit in the enforcement case determined that Holloway's attempt to set aside the Walker judgment based on these same factual allegations was barred by res judicata. *Browning III*, 887 F.2d at 558–69. We conclude that Holloway's bill-of-review claims are barred by res judicata and, thus, cannot be asserted in an equitable bill of review. Accordingly, the trial court did not err in granting summary judgment against

---

**4.** After the United States Supreme Court declared unconstitutional the grant of jurisdiction to bankruptcy courts under the Bankruptcy Reform Act of 1978, an "Emergency Rule" was adopted and governed bankruptcy proceedings until the Bankruptcy Amendments and Federal Judgeship Act of 1984 was enacted. *Browning III*, 887 F.2d at 560.

Holloway. We overrule Holloway's first point of error.

### B. Robbie's Arguments

In her first point of error, Robbie contends that the trial court erred in granting summary judgment against her. Robbie argues that the claims and issues asserted here were not and could not have been litigated in either of the cases to which she was a party, *i.e.*, the direct appeal of the Walker judgment to this Court and *Browning I*. Robbie concedes that she is barred from litigating whether the 162nd District Court had jurisdiction to enter the Walker judgment because the issue was decided in *Browning I*. She asserts that she is not barred by the subsequent proceedings in *Browning II, III,* or *IV* because she did not participate in those appeals or by the civil rights suit because she was not a party. Robbie further contends that her bill-of-review claims that the Walker judgment was the product of extrinsic fraud, conspiracy, and collusion between Judge Walker and the Brownings did not arise until Judge Walker entered the Walker judgment and could not have been presented to this Court on the record of the appeal of the Walker judgment. She concludes that neither this Court's dismissal of the appeal of the Walker judgment, nor the appeals in the enforcement action (beyond *Browning I*), nor the civil rights suit bars her bill of review or collateral attack.

As previously stated, res judicata focuses on claims that were or could have been raised in prior litigation between the parties, not on whether particular issues actually were decided. Robbie was a party to the enforcement action when it was filed, and, as previously stated, the claims asserted here could have been raised in the enforcement action. *See id.* at 559. It is of no consequence that Robbie was not a party to the appeals when the claims or issues actually were decided. For res judicata purposes, it does not matter whether a claim actually was litigated, only whether the claim could have been brought. *Nilsen*, 701 F.2d at 560. Robbie cannot avoid the effects of res judicata on the ground that she did not participate in the cases on appeal. Because Robbie could have brought her claims in the enforcement action, we need not determine whether they could have been brought in the direct appeal to this Court. We conclude that res judicata bars Robbie from bringing the present claims in an equitable bill of review or a collateral attack.

Further, Robbie may not collaterally attack the Walker judgment on the ground that Flojo was not served and did not appear. If a court having potential jurisdiction renders a judgment when the potential jurisdiction has not been activated and the defect is apparent *from the face of the judgment*, then the judgment is void and subject to either direct or collateral attack. *Waldron v. Waldron*, 614 S.W.2d 648, 650 (Tex.Civ.App.—Amarillo 1981, no writ). If, however, a court having potential jurisdiction renders a judgment regular on its face that contains recitations stating that its potential jurisdiction has been activated, the judgment is voidable, not void, and may be set aside only by direct attack. *Id.* Thus, the claims made by Robbie are not the type available to her in a collateral attack on the Walker judgment. We overrule Robbie's first point of error.

### C. Flojo's Arguments

In its first point of error, Flojo alleges that the trial court erred in granting appellees' motion for summary judgment based on res judicata because it was not a party either to the original Walker judgment sought to be vacated or to any subsequent case which could bar this bill of review. Flojo contends that it never was named, never was served, and never appeared in the trial of the 1979 case and that, therefore, it need not meet the requirements for a bill of review because the Walker judgment is void. *See Peralta v. Heights Med. Center*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). It argues that it is not barred by res judicata or collateral estoppel because it was not a party to the prior federal litigation. Flojo concludes that there is no legal justification for any claim that its constitutional and equitable right to set aside the Walker judgment is barred by res judicata.

In addition to res judicata, appellees' summary-judgment motion asserted that Flojo could neither sue nor defend a suit in Texas courts because it had forfeited its corporate charter. *See* TEX.TAX CODE ANN. § 171.252 (Vernon 1982). Appellees filed a certified copy of the document from the Texas Secretary of State that ordered the forfeiture of Flojo's certificate of authority on February 20, 1984. Flojo filed no response to appellees' motion. Nothing in the summary-judgment record suggests that Flojo regained its corporate privileges. We note that Flojo has attached to its brief as Exhibit B a copy of a document from the Texas Comptroller of Public Accounts stating that Flojo, as of March 4, 1991, is "in good standing" with that office. This document, however, is not part of our record on appeal and was not before the trial court when it granted appellees' amended motion for summary judgment. Thus, we cannot consider it in this appeal. *Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied).

Flojo does not assert a general point of error that the trial court erred in granting summary judgment against it. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). Instead, on appeal, it specifically contends that res judicata does not apply to it. Flojo fails to argue on appeal that the trial court erred in granting summary judgment on the ground that forfeiture of its corporate charter barred this attack on the Walker judgment. Because summary judgment may have been granted, properly or improperly, on a ground not challenged by Flojo in a point of error on appeal, we affirm the summary judgment as to Flojo. *Id.; King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex.App.—Fort Worth 1986, no writ). We overrule Flojo's first point of error.

### APPELLANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

#### A. First and Sixth Motions

In their respective third and fourth points, appellants urge that the trial court erred in denying their first and sixth motions for partial summary judgment. Those motions urged that Judge Walker was disqualified to preside over the 1979 case due to his pecuniary and personal interest, his acts as "counsel" in the 1979 case, and his bias in the case. For these reasons, appellants contended that the Walker judgment was void. The disqualification claims are based on the same facts that appellants have relied on for their fraud, collusion, and conspiracy claims. Because we hold that the trial court properly granted summary judgment on these claims, we also hold that the trial court did not err in denying appellants' first and sixth motions for partial summary judgment. We overrule appellants' respective third and fourth points of error.

#### B. Third Motion

In their respective second points of error, appellants argue that the trial court erred in denying the third motion for partial summary judgment asserting that the Walker judgment is void because it imposed joint and several liability on Holloway, Robbie, and Flojo although Flojo never was named as a defendant, never was served with process, and never appeared in the 1979 case. Robbie, but not Flojo, adopted Holloway's amended third motion for partial summary judgment. Holloway attached to this motion the affidavit of Joe Holt, who stated that Flojo was owned and operated by individuals other than Holloway and that Flojo never was named as a party, never was served with process, and never appeared in the case. At the trial of the 1979 case, the jury found that Flojo was Holloway's alter ego; the trial court so found in the Walker judgment.

Our determination that res judicata applies to appellants' claims dealing with the facts set forth above does not dispose of appellants' respective second points of error. A finding that res judicata bars appellants' bill of review does not dispose of the issue of whether the judgment is void because of lack of service.

Holloway argues that a judgment against a "party" who never was named, never was served with process, and never appeared is absolutely void and of no effect and that federal due process requires that such a judgment be set aside in a bill-of-review proceeding without regard to satisfaction of the other requirements of a bill. He contends that the 162nd District Court had no jurisdiction to enter a judgment imposing liability against Flojo. Thus, he asserts that the joint judgment is indivisible in nature and is void as to all defendants named in it if it is void as to one of them. *See Reed v. Gum Keepsake Diamond Center*, 657 S.W.2d 524 (Tex.App.—Corpus Christi 1983, no writ).

*Reed* is distinguishable from this case. There, the trial court never obtained personal jurisdiction for lack of service over a named defendant. *Id.* at 525. Because the trial court had neither severed nor dismissed the claims against the parties over whom jurisdiction had not been obtained, the judgment against the defendants over whom jurisdiction had been obtained was interlocutory. *Id.* Because the judgment was not final, the cause was remanded to the trial court for further proceedings. Here, Flojo was not a named defendant in the 1979 case. Even if the 162nd District Court lacked jurisdiction over Flojo despite its alter ego status, its judgment resolved all issues involving all parties named in the suit. Thus, the Walker judgment was a final judgment against the named parties, including Holloway and Robbie.

*Maury v. Turner* also is inapplicable to this case because there the plaintiff sued "the unknown *owner*" of certain real property. *Maury v. Turner*, 244 S.W. 809, 812 (Tex.Comm'n App.1922, judgm't adopted). The plaintiff's suit was not the type authorized by statute to be maintained against unknown persons. *Id.* Absent statutory authority for the plaintiff's suit, the trial court lacked jurisdiction over the case, and the judgment was void. *Id.* The case of *Commonwealth Bank & Trust Co. v. Heid Bros.*, 122 Tex. 56, 52 S.W.2d 74 (Comm'n App.1932, judgm't adopted), dealt with a certified question from the El Paso Court of Appeals concerning whether the plaintiff's lawsuit could be maintained in Bexar County against Heid Brothers, a corporation domiciled in El Paso County, by virtue of the exceptions to statutory provisions concerning exclusive venue. The court ruled that Heid Brothers and the other defendant were jointly and severally liable to the plaintiff bank, making Heid Brothers a proper and necessary party to the bank's lawsuit. *Id.* at 75. The court then concluded that the district court of Bexar County had jurisdiction over Heid Brothers. *Id.* at 76.

Even if the trial court erroneously included Flojo in the Walker judgment, such would not require reversal of the judgment as to Holloway or Robbie. Where the error affects only a part of the matter in controversy and that part is clearly separable without unfairness to the parties, the judgment shall be reversed and a new trial ordered *only* as to that part affected by such error. TEX.R.APP.P. 81(b)(1). Here, the liability of Flojo, as Holloway's alter ego, was strictly derivative. Although a reversal as to Holloway would require a reversal as to Flojo, the reverse is not true. Were we to reverse only as to Flojo, Holloway's liability would be unaffected. Likewise, Robbie's liability in the 1979 case is not dependent on Flojo's liability. Reversal of that part of the judgment concerning Flojo clearly would be separable without unfairness to the parties. We overrule Holloway's and Robbie's second points of error.

Because Flojo did not adopt the amended third motion for partial summary judgment, we hold that it cannot rely on that motion for reversal on appeal. *See Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984) (trial court cannot grant summary judgment for party who has not properly moved for summary judgment). Further, as previously stated, Flojo submitted no evidence to the trial court that it regained its corporate privileges and that it is, thus, entitled to challenge the Walker judgment in a Texas court. Finally, to the extent that Flojo attempted to collaterally attack the judgment, a defendant who is not served and does not appear may not attack the verity

of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity. *See Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex.1969). As previously stated, the Walker judgment states that the court had jurisdiction over the parties. We hold that the recitals rendering judgment against Flojo conclusively demonstrate that it was a party to the suit. We overrule Flojo's second point.

## BANKRUPTCY COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

In the fifth point, Holloway contends that the trial court erred in denying his motion to supplement the summary-judgment record with the bankruptcy court's findings of fact and conclusions of law in the bankruptcy case. Holloway argues on appeal that the findings and conclusions were necessary summary-judgment evidence to determine which issues decided by the bankruptcy court are binding for purposes of collateral estoppel.

Although appellees asserted collateral estoppel as a ground for summary judgment, we have held that summary judgment was proper on the ground of claim preclusion, *i.e.*, res judicata. Thus, the trial court's denial of Holloway's request did not adversely affect his position because the bankruptcy court's findings and conclusions were irrelevant to a determination of the applicability of res judicata to Holloway's bill of review. We overrule Holloway's fifth point.

## PERMANENT INJUNCTION

In the sixth point, Holloway argues that the trial court erred in permanently enjoining him from further challenging the validity of the Walker judgment. Holloway's point of error assumes that this Court will reverse the trial court's granting of appellees' amended summary-judgment motion. Holloway states in his brief that "[i]t would be inconsistent and conflicting to reverse this cause to permit trial of the bill of review and at the same time leave in place the permanent injunction prohibiting [Holloway] from proceeding in that cause."

Overruling the first point of error disposes of this point. The injunction does not prohibit Holloway from appealing this case. Holloway gives no reason why he should be permitted to initiate or to continue other attacks on the Walker judgment in other proceedings, which is what the injunction prohibits. We overrule Holloway's sixth point of error.

We affirm the trial court's judgment.