Affirmed and Opinion filed _____________, 2002














Affirmed and Memorandum
Opinion filed June 5, 2003.                                                      

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00562-CR  

____________

 

MICHAEL FRED
ARMSTRONG, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 212th District Court

                                                        Galveston
 County, Texas                    

Trial Court Cause No.
00CR0496




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            A jury convicted
appellant of murder and assessed punishment at 65 years’ confinement.  In a single issue, appellant argues the trial
court committed reversible error in denying his requested instructions for the
lesser-included offenses of manslaughter and criminally negligent
homicide.  As all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  Because we find
there is no evidence that would permit a jury rationally to find appellant
guilty only of the lesser
offenses, we affirm.

            In early 2000, appellant
attacked the complainant with a pipe, beating her to death.  In his subsequent trial for murder,
appellant’s defense was that he was unconscious during the attack due to a
medical condition.[1]  At trial, Dr. Edwin Johnstone
testified that appellant suffered from temporal lobe seizures, which he said
would cause a person to act as if on autopilot—able to complete complicated
tasks while in an unconscious state.[2]  After examining appellant, Dr. Johnstone opined that appellant was suffering from such a
seizure at the time of the incident, and thus did not have the capacity to form
an intent when he killed his wife.[3]  At the conclusion of the guilt-innocence
phase, the jury found appellant guilty of murder.

The State concedes that both manslaughter and criminally
negligent homicide are lesser-included offenses of murder.  Saunders v. State, 913 S.W.2d 564, 572 (Tex. Crim.
App. 1995). Thus, we must determine only whether there is some evidence
that would permit a jury rationally to find appellant guilty only of either lesser
offense.  See Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002).  A mere scintilla of evidence will
entitle a defendant to a lesser charge.  See Bignall v.
State, 840 S.W.2d  21,
23 (Tex. Crim.
App. 1994).  We do not consider
credibility of witnesses or conflicts in the evidence.  Penry v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995). 


            Here, appellant’s entire defense was
centered on his inability to possess any culpable mental state due to a temporal
lobe seizure.  Both manslaughter and
criminally negligent homicide require some sort of mens
rea, either recklessness or criminal negligence.  See
Tex. Penal Code § 19.04 (defining manslaughter as recklessly
causing death), § 19.05 (defining criminally negligent homicide as causing
death by criminal negligence).  Penal Code section 6.03 defines both of these
mental states:

(c) A person acts recklessly, or is reckless, with respect to
circumstances surrounding his conduct or the result of his conduct when he is
aware of but consciously disregards a substantial and unjustifiable risk that
the circumstances exist or the result will occur. The risk must be of such a
nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint.

 

(d) A person acts with criminal negligence, or is criminally negligent,
with respect to circumstances surrounding his conduct or the result of his
conduct when he ought to be aware of a substantial and unjustifiable risk that
the circumstances exist or the result will occur. The risk must be of such a
nature and degree that the failure to perceive it constitutes a gross deviation
from the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint.

 

According to appellant’s evidence, he could not have been
reckless as he was not aware of any risks or gross deviation in his
behavior.  Neither could he have been
criminally negligent, as according to Dr. Johnstone
there is no basis for saying that an ordinary person in appellant’s standpoint
(that is, suffering a temporal lobe seizure) ought to be aware of any risks or
gross deviation in his behavior.  Moreover,
the victim here suffered 16 blows to her head with an iron pipe, injuries
inconsistent with any understanding—legal or otherwise—of merely reckless or
negligent behavior.

Therefore, there is no evidence that would permit a jury
to rationally find appellant guilty of only manslaughter or criminally
negligent homicide.  The judgment is
affirmed.

 

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed June
 5, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do
Not Publish — Tex. R.
App. P. 47.2(b).

 











[1] In 1997,
appellant fell and broke his neck, causing an inadequate blood supply to part
of his brain.  





[2] Partial
complex seizures had previously been termed temporal lobe seizures.





[3]  [DR. JOHNSTONE]:    My opinion based on pulling all the information together is that
he was not conscious when this event happened and did not realize what was
occurring.  He was not aware of the
nature and consequences of his actions…. 
He did not have the capacity to
form an intent.