Opinion issued December 16, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————



NO.
01-09-00363-CV

 



 

Doris Evans,
Appellant

V.

American General Life Insurance Company, Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2008-28934

 



 

MEMORANDUM OPINION

The trial court granted summary
judgment for appellee, American General Life Insurance Co. (“AGLI”), rendering
a take-nothing judgment on the claims of appellant, Doris Evans, for fraud,
breach of contract, and violations of the Texas Deceptive Trade Practices–Consumer
Protection Act[1] (“DTPA”) in connection
with a life insurance policy of which Evans’s daughter was owner and
beneficiary.  The court’s judgment also
declared that Evans’s claims were barred by a prior settlement agreement.  

In her first issue, Evans argues that the trial court erred
in granting summary judgment against her claims because there existed a genuine
issue of material fact as to her fraud claim.[2]  In her second issue, she alleges that the
trial court erred in dismissing her motion to compel AGLI to produce various
documents.[3]  We affirm.

 

BACKGROUND

A.      Previous
Suit, Appeal, and Settlement

On July 27, 2007, Evans filed suit in the Small Claims Court
of Harris County, Texas against AGLI and two individual defendants.[4]  She alleged fraud, breach of contract, and
violations of the DTPA in connection with her own life insurance policy
[“Policy 1”].[5]  After the Small Claims Court had dismissed her
claims, Evans appealed to the 333rd District Court of Harris County,
Texas.  With that appeal pending, Evans
entered into a settlement agreement with AGLI, releasing all of her claims as
to Policy 1.  On the basis of this agreement,
the district court dismissed her initial suit with prejudice.

B.      Current Suit  

Some two months later, however, Evans filed an original
petition in the same district court, alleging the same claims against the same
defendants as in her previous action, but with respect to another policy
[“Policy 2”], of which her daughter was owner and beneficiary.  AGLI counterclaimed for a declaratory judgment
that all of her claims were barred by the prior settlement agreement.  On February 27, 2009, the parties attended a
hearing on a motion that Evans had filed to compel the production of various
documents.  The court verbally dismissed
Evans’s motion on the basis that she had failed to serve an initial request for
the documents upon AGLI and therefore could not move to compel production of
anything at that time.  Approximately one
week later, Evans served AGLI with 15 interrogatories, in which she requested
that AGLI produce certain documents. 
AGLI never answered these interrogatories or requests for production, and
Evans did not file a new motion to compel. 

On March 19, 2008, AGLI filed a traditional summary judgment
motion (a) on its declaratory counterclaim and (b) against Evans’s claims.  The portion of the summary judgment motion
attacking Evans’s claims raised four independent grounds.  The trial court granted the summary-judgment motion
in its entirety, without specifying the basis of its ruling with respect to
Evans’s claims, rendered judgment that Evans take nothing on her claims, and
rendered declaratory judgment that those claims were barred by the prior
settlement agreement.

FAILURE TO ASSIGN ERROR

Generally, an appellant must attack all independent
bases or grounds that fully support a complained-of ruling or judgment; if an
appellant does not do so, then we must affirm the ruling or judgment.  Britton
v. Tex. Dep’t of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2002, no pet.); see Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (holding that appellate court in
civil cases normally may not alter erroneous judgment in favor of appellant who
does not challenge that error on appeal). 
If an independent ground fully supports the complained-of ruling or
judgment, but the appellant assigns no error to that independent ground, then
(1) we must accept the validity of that unchallenged independent ground, see Walling, 863 S.W.2d at 58, and thus
(2) any error in the grounds challenged on appeal is harmless because the
unchallenged ground fully supports the complained-of ruling or judgment.  Britton,
95 S.W.3d at 681.  We have applied this
rule in the context of summary-judgment rulings.  See Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).

AGLI’s motion for summary judgment set forth four supporting
grounds: (1) that Evans had failed clearly to state the facts and laws relevant
to her claims; (2) that her claims were barred by the prior settlement
agreement; (3) that Evans could not establish one or more essential elements of
any of her claims; and (4) that she lacked standing to sue for a breach of
Policy 2. 

Evans has, at best, challenged only one of these grounds on
appeal—the ground asserting that she could not establish one or more elements
of her fraud claim.  Because summary
judgment may have been rendered, properly or improperly, on a ground not
challenged, the judgment must be affirmed. 
See Holloway v. Starnes, 840
S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied).  

We overrule Evans’s first issue.  

DISMISSAL OF MOTION TO COMPEL
DISCOVERY

In her second issue, Evans asserts that “[t]he trial court
erred in ruling because under [Rule 197 of the Texas Rules of Civil Procedure]
the Appellee fail[ed] to produce financial statements on behalf of
Appellant[’s] child[’s] . . . life insurance policy . . . per interrogatories.”  At a hearing on February 27, 2009, the court
dismissed Evans’s motion to compel AGLI to produce various documents because
she had not previously requested them.  An
order to compel an answer to an interrogatory, or to compel production of a
requested item, is appropriate—as relevant here—only when the movant has
properly served the interrogatory or request upon the nonmovant.    See
Tex. R. Civ. P. 215.1(b)(3).  The trial court did not abuse its discretion
by dismissing Evans’s original motion to compel the production of documents that
she had not yet requested from AGLI. 
Although Evans served AGLI with interrogatories approximately one week
after the trial court’s ruling, she never filed another motion to compel
production.

Accordingly, to the extent that Evans’s second issue has not
been mooted by our overruling of her first, we overrule it for the reasons
stated above.   

 

 

 

CONCLUSION

          We affirm the judgment of the trial
court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Massengale and Cox.[6]

 











[1]           Tex. Bus. & Com. Code Ann. §§
17.41–.63 (Vernon 2007).

 





[2]              Evans’s first issue reads: 

 

The trial court erred in granting Summary Judgment in
favor of [AGLI] because [AGLI] “collectively” admitted under oath [that it]
falsified and fabricated insurance policy numbers . . . that together have been
used by [AGLI] to generate fictitious documents and statements; that is fraud .
. . as clearly shown in the documents of Appellee American General Life
Insurance Company.

 





[3]           Evans’s
second issue reads:

 

The trial court erred in ruling because under [Rule
197 of the Texas Rules of Civil Procedure, AGLI] fail[ed] to produce financial
statements on behalf of [Evans’s] child[’s] . . . life insurance policy . . . per
interrogatories.

 

Rule 197 concerns the rights and obligations of
parties to submit and to answer interrogatories.  See
Tex. R. Civ. P. 197.  

 





[4]           The
individual defendants were the respective presidents of AGLI and its parent
company, American International Group, Inc. 
They were struck from the present cause and are not parties to this appeal.

 





[5]           In
addition to this policy, Evans owned a policy insuring the life of her
daughter.  Her daughter, in turn, owned a
third policy insuring her own life.  





[6]
              The
Honorable Lonnie Cox, judge of the 56th District Court of Galveston County,
participating by assignment.