**Opinion issued September 22, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00296-CV

———————————

**JESUS GARCIA, Appellant**

**V.**

**DONNA GARCIA, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-34289**

---

## MEMORANDUM OPINION

Jesus Garcia challenges the trial court's rendition of a take-nothing summary judgment in favor of Donna Garcia on Jesus's bill of review, which sought to set aside the parties' divorce decree and order a new division of the parties' estate. In

his sole issue on appeal, Jesus argues that the trial court erred by rendering judgment without hearing or considering his evidence. We affirm.

## Background

### The original divorce proceeding

In 2012, Donna petitioned for divorce from Jesus. In the course of the divorce proceeding, the trial court entered a temporary order awarding the marital home to Donna and requiring that Donna timely make the mortgage payments on the home. The temporary order further required both parties to provide "a sworn inventory and appraisement of all the separate and community property owned by the parties" by December 20, 2012.

On January 27, 2014—fifteen months after entry of the temporary order— the trial court entered a final divorce decree. The final divorce decree is not included in the appellate record, but according to Jesus, he was awarded the marital home.

### The underlying bill of review

Jesus filed a bill of review on June 13, 2014. In it, Jesus claimed that Donna failed to make any of the mortgage payments on the marital home, as required by the trial court's temporary order. As a result, the mortgage became delinquent, but, according to Jesus, he did not discover the problem until more than 30 days after the final decree was entered. Jesus argued that by failing to make the mortgage

2

payments and failing to disclose that she had not made the payments, Donna prevented him from asserting rights to a greater share of the marital estate.

Donna answered and moved for no-evidence summary judgment. Donna's motion set forth the requirements for a bill of review and argued that Jesus had no evidence of two bill-of-review elements: (1) that he was prevented from making a meritorious defense by fraud, accident, or wrongful act of Donna or official mistake; and (2) that his failure to assert a meritorious defense was unmixed with any fault or negligence of his own.

In his response to Donna's motion, Jesus argued that Donna was not entitled to summary judgment because she failed to state the elements of a common-law fraud claim and identify which elements of that claim lacked evidentiary support. Jesus asserted that his accompanying affidavit "set[] forth summary judgment proof of the existence of a material fact concerning [his] claim for Fraud." The affidavit states:

> I was led to believe that when I was awarded the marital home on the day of my divorce trial, [Donna] had timely made all mortgage payment[s] in accordance with the Court's order. I later learned that [Donna] had not made a single mortgage payment and that the home I was awarded was about to be foreclosed. I also learned that [Donna] had failed to forward to my attention the numerous notices sent from the mortgage and foreclosure companies that could have saved the home from foreclosure. On my own initiative and without any knowledge of the notices, I began trying to make contact with the mortgage company, but I was informed that they would not speak with me unless they had permission from [Donna], which she never gave. Upon learning how behind on mortgage payments the home

was, I began making mortgage payments every month to the mortgage company only to find out months later that none of the payments had been applied to the home because it had gone into foreclosure. To date, I have not recovered and am still trying to track down the nearly $10,000 in mortgage payments I made to the mortgage company, but that was never applied towards the home. The home was lost to [foreclosure] on _____.

The trial court granted Donna's summary-judgment motion. This appeal followed.

## Discussion

In his sole issue, Jesus contends that the trial court erred in granting Donna's no-evidence motion for summary judgment because it failed to consider Jesus's evidence of a meritorious defense.

### A.    Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524. A no-evidence motion for summary judgment should not be granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists if the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). We review the summary-judgment evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *King Ranch*, 118 S.W.3d at 750.

When the movant urges multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the

5

appellant must negate all grounds on appeal. *McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.—Houston [1st Dist.] 2007, pet denied); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898 (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)).

## B.    Applicable Law

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). A bill-of-review complainant must plead and prove three elements: (1) a meritorious claim or defense; (2) that he was prevented from asserting by the fraud, accident or wrongful act of his opponent or by official mistake; and (3) the absence of fault or negligence of the complainant. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

There are two categories of fraud in bill-of-review proceedings: intrinsic and extrinsic. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003). Intrinsic fraud "relates to the merits of the issues that were presented and presumably were or should have been settled in the former action." *Id.* Intrinsic

6

fraud includes fraudulent instruments, perjured testimony, or any matter actually presented to and considered by the trial court in rendering the judgment assailed. *Id.* Because each party is expected to guard against adverse findings on issues directly presented, intrinsic fraud will not support a bill of review. *Id.* ("Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review." (citing *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989)).

Only extrinsic fraud will support a bill of review. *Id.* (citing *Tice*, 767 S.W.2d at 702). Extrinsic fraud is that which denies "a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id.*

"As a matter of law, misrepresentation with respect to the value of known community assets does not alone constitute extrinsic fraud." *Rathmell v. Morrison*, 732 S.W.2d 6, 13 (Tex. App.—Houston [14th Dist.] 1987, no writ). Misrepresentation of the value of assets must be coupled with proof of some additional wrongful act that induced reliance in order to constitute extrinsic fraud. *See id.* at 14 (evidence that former husband induced wife to rely on his misrepresentation regarding value of community-property companies by threatening to dissolve companies if wife insisted on having companies independently appraised was evidence of more than intrinsic fraud).

**C.      Analysis**

In her no-evidence summary-judgment motion, Donna argued that there was no evidence to support the second and third elements of Jesus's claim for a bill of review, namely, that he was prevented from making a meritorious defense by fraud, accident, or wrongful act of Donna or official mistake, or that his failure to assert a meritorious defense was unmixed with any fault or negligence of his own. *See Caldwell*, 975 S.W.2d at 537.   The trial court granted summary judgment without specifying its reasons for doing so.

Although Jesus frames his argument as if the trial court prohibited him from presenting evidence at trial, no trial occurred because the trial court entered summary judgment in Donna's favor.   Thus, to prevail on appeal, Jesus was required to negate all possible grounds raised by Donna's summary-judgment motion. *See McCoy*, 240 S.W.3d at 271; *Ellis*, 68 S.W.3d at 898.

On appeal, Jesus mentions neither ground for summary judgment.   Instead, the entirety of the argument in his appellate brief states:

> At a Bill of Review trial, the defendant-petitioner must prove the elements of the bill of review by a preponderance of the evidence. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).   Appellant was denied from presenting any evidence to establish the grounds for the bill of review.   It is this denial which forms the basis of this appeal.

Summary judgment "may have been rendered, properly or improperly," on the two grounds asserted in Donna's motion. *Ellis*, 68 S.W.3d at 898.   Because Jesus does

8

not challenge these grounds on appeal, we must affirm the trial court's judgment. *See McCoy*, 240 S.W.3d at 271 (when summary-judgment order does not specify grounds, the appellant must negate all grounds on appeal); *Ellis*, 68 S.W.3d at 898 (same); *see also Caldwell*, 975 S.W.2d at 537.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice


Panel consists of Chief Justice Radack and Justices Higley and Huddle.

9