Opinion issued April 27, 2017



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00466-CV

————————————

**JOHN TAYLOR, Appellant**

**V.**

**CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC & GLINIE WHITTINGTON, Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-22588**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's grant of a take-nothing summary judgment in favor of appellees CenterPoint Energy Houston Electric, LLC and Glinie Whittington, who were the defendants in the trial court.

Appellant John Taylor pleaded causes of action for malicious prosecution, intentional infliction of emotional distress, negligence, and conspiracy. CenterPoint Energy and Whittington filed a combined no-evidence and traditional motion for summary judgment. They argued multiple grounds for summary judgment as to each cause of action. In particular, CenterPoint Energy and Whittington argued that there was no evidence of at least one element of each cause of action. Taylor responded to the motion for summary judgment, but he did not produce evidence responsive to any of the no-evidence grounds for summary judgment on any of the causes of action. The trial court granted final summary judgment in favor of CenterPoint Energy and Whittington without specifying the grounds for its ruling.

When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appellant must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). A party appealing a motion for summary judgment must assert either a general issue challenging the summary judgment as a whole or separate issues challenging each independent ground for summary judgment alleged in the motion. *Zapata v. ACF Indus., Inc.*, 43 S.W.3d 584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). "If summary

judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898 (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)).

On appeal, Taylor has not presented any argument to support an issue generally challenging the trial court's ruling in rendering summary judgment against him. He has not asserted separate issues challenging each independent ground for summary judgment alleged in the motion. Summary judgment may have been rendered, properly or improperly, on the unchallenged grounds that there was no evidence to support at least one element of each cause of action that Taylor pleaded. Because Taylor did not address the no-evidence grounds on appeal, we must affirm the summary judgment on these unchallenged grounds. *See id.*

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.