Candi Marie WILLIAMS, Crystal Ann Williams Coble, and Julie Kay Petree, Appellants,

v.

UNITED PENTECOSTAL CHURCH INTERNATIONAL and Texas District of the United Pentecostal Church, Appellees.

No. 09–01–375–CV.

Court of Appeals of Texas, Beaumont.

Submitted on July 11, 2003.

Delivered Aug. 28, 2003.

John David Hart, Law Offices of John David Hart, Fort Worth, for appellants.

James W. Henges, Germer Gertz, L.L.P., Beaumont, Thomas W. Deaton, Flournoy & Deaton, Lufkin, R. Lynn Fielder, Fisk & Fielder, P.C., Dallas, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Two suits were filed against the United Pentecostal Church of Eastland, Texas, (Eastland Church), the Texas District of the United Pentecostal Church (the Texas District), the United Pentecostal Church International (UPCI), Jonathan Mark Hart, and Bobby Hart. The causes of action alleged in both suits stem from the actions of Jonathan Mark Hart, who engaged in sexual intercourse with three underage girls. Cause number CV–31692–98–12 was initially filed by Sam and Dee Ann Williams, Individually and as Next Friends for Candi Marie Williams and Crystal Ann Williams. Cause number CV–31691–98 was initially filed by Sandra Kay Riffle, Individually as Next Friend for Julie Kay Petree. The two causes were subsequently consolidated.

The trial court granted summary judgment in favor of the Texas District and UPCI and granted appellants' motion to sever. Consequently, the appellees before this court are the Texas District and UPCI. Subsequent to the order granting summary judgment, the three parties on whose behalf the claims were filed reached majority and the pleadings amended so as to bring suit in their individual capacity. The pleadings do not assert any claim by the parents except those raised on behalf of their daughters. Accordingly, the appellants properly before this court are Candi Marie Williams, Crystal Ann Williams Coble, and Julie Kay Petree. They bring this appeal from the trial court's order, raising two issues.

 We must first address UPCI's contention that appellants have failed to challenge all of the grounds upon which the trial court could have granted summary judgment.

In reviewing a summary judgment in which the trial court has not provided the basis for its decision, we must review each ground asserted in the motion and affirm the trial court's judgment if any of these grounds is meritorious. See *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79–80 (Tex.1989). The appellant is required to specifically attack "each possible basis for summary judgment to avoid a waiver of those grounds," unless appellant included a general issue complaining of summary judgment. *Warner v. Orange County*, 984 S.W.2d 357, 358 (Tex.App.-Beaumont 1999, no pet.) (citing *Parrish v. Brooks*, 856 S.W.2d 522, 527 (Tex. App.-Texarkana 1993, writ denied)). "If summary judgment may have been granted, properly or improperly, on a ground not challenged, the summary judgment must be affirmed." *Warner*, 984 S.W.2d at 358 (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied)).

*Sauls v. Montgomery County*, 18 S.W.3d 310, 312–13 (Tex.App.-Beaumont 2000, no pet.). The trial court did not specify upon which ground summary judgment was granted and appellants raise only two issues on appeal:

1. Whether the trial court erroneously concluded that UPCI and the Texas District owed no duty to Appellants when the risk of sexual abuse to children within the church was foreseeable to them and the burden of guarding against such abuse would have been slight.

2. Whether the trial court erroneously concluded that UPCI and the Texas District are not vicariously liable for the conduct of the Eastland Church, Jonathan Mark Hart, and Bobby Hart when UPCI and the Texas Dis-

trict exercised extensive control over them through a hierarchical church organization.

Appellants' brief makes no arguments other than those related to these issues. UPCI moved for summary judgment on numerous grounds—most of which can fairly be said to involve the issues of duty and vicarious liability raised by appellants in their brief. However, UPCI also moved for summary judgment on the basis that there is no evidence of proximate causation. We must conclude the trial court may have granted summary judgment on that basis. *See Sauls,* 18 S.W.3d at 312–13. Appellants failed to challenge a ground upon which summary judgment may have been granted. Thus, the judgment in favor of UPCI must stand. *See Rogers v. Continental Airlines, Inc.,* 41 S.W.3d 196, 199 (Tex.App.-Houston [14th Dist.] 2001, no pet.).[1]

■ We now determine appellants' issues in regard to the Texas District. Appellants contend summary judgment was improper because genuine issues of material fact exist regarding the questions of duty, vicarious liability, and retained control. As to duty, appellants claim the Texas District had a duty to use reasonable care to prevent sexual abuse of children within its churches, and breached that duty.

■ "Generally, there is no duty to control the conduct of others. *Greater Houston Transp.,* 801 S.W.2d at 525. This general rule does not apply when a special relationship exists between an actor and another that imposes upon the actor a duty to control the other's conduct. *Id.*" *Texas Home Mgmt., Inc. v. Peavy,* 89 S.W.2d 30, 34 (Tex.2002). *See also Otis Engineering*

*Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1983). The Texas Supreme Court has found relationships between employer and employee, parent and child, and independent contractor and contractee, under special circumstances, to be such special relationships. *See Primrose v. Amelia Little League,* 990 S.W.2d 819, 821 (Tex.App.-Beaumont 1999, no pet.). Appellants do not assert any of those models exist in this case.

■ Absent a special relationship, the existence of a duty is a question of law for the court to determine from the particular facts of the case. *See Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). In making that determination, we balance the risk, foreseeability and likelihood of injury, against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of America v. Akins,* 926 S.W.2d 287, 289–90 (Tex.1996). The foremost and dominant consideration of these factors is foreseeability of the risk—although it alone will not warrant imposing a duty. *See Primrose,* 990 S.W.2d at 821 (quoting *Greater Houston Transp.,* 801 S.W.2d at 525 and *Golden Spread Council,* 926 S.W.2d at 290–91).

Appellants claim they raised a fact issue as to whether the risk of sexual abuse to children within the church was foreseeable to the Texas District. The evidence appellants rely upon includes a portion of an affidavit from expert witness Gary R. Schoener wherein he opined that "all of the Defendants in this case knew or should have known of the risks of sexual abuse and exploitation of minors in church pro-

---

1. We therefore need not address UPCI's cross-point on appeal regarding the trial court's overruling of its objections to the affi-

davits of Gary R. Schoener filed in response to UPCI's motion for summary judgment.

grams and facilities or as a result of those in positions of responsibility and authority utilizing that power to exploit young people." Appellants' evidence further includes the depositions of Nathaniel Urshan, the General Superintendent of UPCI, Jerald Jones, the General Secretary/Treasurer of UPCI, and Danny Russo, the Secretary of the Texas District. Urshan acknowledged, "there's always a risk," that he was aware of a risk, and that the districts had responsibility for the safety of the children. Jones also conceded he was long aware of a risk. Russo as well admitted he had been aware for some time of a risk if controls were not in place.

Without any supporting authority, appellants seek to transform this general knowledge that such abuses occur into foreseeability in this particular instance. The court in *Golden Spread Council* focused on whether it was foreseeable that Estes would sexually abuse children, not whether it was foreseeable that *a scoutmaster* would do so. *See Golden Spread Council*, 926 S.W.2d at 290. The record contains no evidence that the Texas District had any knowledge of allegations of sexual molestation by Jonathan Hart prior to his service at the Eastland Church. Thus, Jonathan's actions were not foreseeable to the Texas District. *Id.*

Appellants contend "the evidence demonstrates the likelihood of injury." Appellants' evidence is "that a child will suffer serious injury if she is sexually abused by a church leader." This misstates the issue under the facts of this case—no one would disagree that a sexually abused child is an injured child. The inquiry here is the likelihood a child will be sexually abused, because the abuse is the injury.

Appellants assert "the magnitude of the burden of guarding against th[e] risk was slight." Appellants refer to evidence of procedures that Jerald Jones employs in his own ministry and that the Texas District utilizes at the youth camps it operates and contend "it would have been no more difficult to implement policies and procedures aimed at protecting children within the church from sexual abuse by church leaders." This evidence does not go to the issue of "magnitude." Merely because it was done in one ministry, and in the youth camps of one district, does not necessitate finding it would be a "slight" burden to implement such policies throughout the entire Texas District. Further, in both examples that appellants rely upon as evidence, the party in charge assumed a duty to control another's conduct by implementing such procedures. But that does not support appellants' claim that the Texas District should be required to assert control, and thereby assume a duty, over the churches, ministers, and members within its province.

Appellants cite *Golden Spread Council*, 926 S.W.2d at 292, for the proposition that it "made clear ... [t]he public has a strong interest in protecting children from abuse." The court in that case expressly declined to impose a duty on GSC to investigate Estes on its own, or to risk liability for defamation by publishing the information it had received. *Id.* The court noted that "[i]f GSC should have known from the information it received from the Hearns that there was an unreasonable risk that Estes would molest boys, GSC simply should not have recommended Estes to the church sponsor of Troop 223." *Id.* at 291. The court went on to note "the Legislature has voiced a strong policy to protect children from abuse by requiring 'a person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person' to 'immediately make a report' to the proper authorities." *Id.* (quoting TEX. FAM.CODE. ANN.

§ 261.101(a) (Vernon 2002)). Thus *Golden Spread Council* does not support appellants' position that public policy mandates imposition of a duty to prevent sexual abuse. Here, it is undisputed that the Texas District had no information from which it should have known of an unreasonable risk that Jonathan Hart would sexually abuse appellants. Unlike GSC, the Texas District never recommended Jonathan Hart to the Eastland Church.

Appellants also ask that a duty be placed upon the Texas District to screen all volunteers and staff. The Texas Supreme Court expressly refused to impose a duty on the Boy Scouts of America to "screen an adult volunteer about whom it had no knowledge and over whom it had no right of control." *Golden Spread Council*, 926 S.W.2d at 290. Appellants make no reference to evidence in the record demonstrating that the Texas District had any knowledge of Jonathan Hart nor that it had any right of control over his activities. Therefore, in accordance with *Golden Spread*, we decline appellants' request.

Viewing the factors as a whole, we find under these circumstances the Texas District did not owe a legal duty to appellants. Issue one is overruled.

■ In their second issue, appellants contend the Texas District can be held vicariously liable under the theory of *respondeat superior* for the negligent hiring and supervision of Jonathan Hart. Appellants posit that a master-servant relationship exists between the Texas District and the Eastland Church and Bobby Hart, therefore the Texas District is liable for the negligence of the Eastland Church and Bobby Hart in hiring and supervising Jonathan Hart.

The evidence in the record cited by appellants as establishing the Texas District's control over the Eastland Church and Bobby Hart consists of an excerpt from the deposition of Danny Russo, and a portion of an affidavit from Gary R. Schoener. Russo was being questioned on specific aspects of the Constitution for the UPCI before the following exchange occurred:

Q. Okay.... The District exercises a great deal of control over a minister in a local church; don't they?

A. Dealing with this Constitution, yes.

Q. Well, I mean, a lot of things in this Constitution. There are a lot of details in terms of even behavior by the ministers that they are required to comply with in order to keep their job. Correct?

A. In order to be a minister with the United Pentecostal Church, yes.

Schoener's affidavit concludes

It is my professional opinion that the Texas District of the UPCI and the UPCI have substantial control and influence over clergy such as Bobby Hart, have significant resources, and provide assistance and guidance to local churches and ministers in a number of ways including, but not limited to, that provided through the Youth Division (UPCI Manual—2000, p. 87), the Sunday School Division (UPCI Manual, 2000, p. 93), and through policies such as that on Computers and the Internet adopted in 1998 (UPCI Manual—2000, pp. 141–42) which makes a number of detailed recommendations for the use of home computers.

Appellants further rely upon evidence that the church organization is hierarchical rather than congregational. The question has no bearing on this matter. In the cases appellants discuss it was necessary to ascertain the organizational structure in order to determine whether the dispute was to be decided by the will of the local

assembly or the decision of the larger organization. *See Green v. Westgate Apostolic Church*, 808 S.W.2d 547 (Tex.App.-Austin 1991, writ denied). There is no such issue here. We are aware of no authority, and appellants cite none, whereby the larger organization was held vicariously liable under respondeat superior for the negligence of the local assembly on the basis of hierarchical organization.

■ The issue is not whether the Texas District had any control over the Eastland Church and Bobby Hart, but whether the Texas District had any control over the Eastland Church's and Bobby Hart's hiring and supervision of Jonathan Hart. "In determining whether a principal is vicariously responsible for the conduct of an agent, the key question is whether the principal has the right to control the agent *with respect to the details of that conduct. State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627 (Tex.1998)(citing *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590 (Tex.1964))." *Malone v. Ellis Timber, Inc.*, 990 S.W.2d 933, 935 (Tex.App.-Beaumont 1999, no pet.) (emphasis added).

Appellants do not refer this court to any evidence that the Texas District had control over the hiring decisions made by the Eastland Church or Bobby Hart. The Texas District submitted summary judgment evidence that the local assemblies have the right to determine standards for membership, of self-government, to select its pastor, to administer discipline to its members, and to acquire and hold title to its property. The portion of the UPCI General Constitution appellants refer to provides that the method of selection of a Local Youth Committee, which includes a Youth Leader, "is left to the discretion of the Pastor." Thus the evidence shows the local assembly chooses the pastor and the pastor chooses the youth leader. The court in *Golden Spread Council*, 926

S.W.2d at 290, found GSC did not owe a duty based on the principle of negligent hiring because "GSC did not hire Estes. Thus the facts of this case do not fit within the boundaries of the negligent hiring doctrine." Likewise, we find the Texas District can not be held vicariously liable for the alleged negligent hiring and supervision of Jonathan Hart. Issue two is overruled.

■ Alternatively, appellants argue the Texas District still had a duty, emanating from its "retained control over the Eastland Church and Bobby Hart." This issue was not presented to the trial court and therefore shall not be considered on appeal as grounds for reversal. *See* Tex.R. Civ. P. 166a(c).

The judgment of the trial court is AFFIRMED.