NO. 07-02-0378-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2005

_____


JAMES E. GOLLEHER, APPELLANT

V.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32039-B; HONORABLE LEE WATERS, JUDGE
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

James E. Golleher appeals from a summary judgment in favor of Allstate Property and Casualty Insurance Company in Golleher's suit for uninsured/underinsured motorist benefits. We affirm.

BACKGROUND

On December 11, 1996, James E. Golleher was a passenger in a vehicle being driven by Scott Davis. A collision occurred between Davis' vehicle and a vehicle driven by Norma McBee. As a result of this accident McBee died and Davis and Golleher sustained injuries. At the time of the accident McBee had liability insurance coverage with policy limits of $300,000 per accident and $100,000 per person. Davis had insurance with Allstate Property and Casualty Insurance Company which included uninsured/underinsured motorist (UIM) benefits.

Davis and Golleher brought suit against McBee's executor ("McBee"). Golleher and McBee's liability insurer settled Golleher's claim against McBee and Golleher dismissed his suit with prejudice. Golleher did not obtain Allstate's consent before settling his claim or dismissing the suit.

Golleher then sued Allstate for UIM benefits. Allstate filed a motion for summary judgment, asserting that it was not liable to Golleher as a matter of law based on two contractual provisions: (1) Allstate's liability for damages was limited to those damages which a covered person was "legally entitled to recover from the owner or operator of an [uninsured/underinsured] motor vehicle . . ."; and (2) coverage was not provided if "[the covered] person or the legal representative settles the claim without our written consent." Allstate urged that Golleher materially breached the terms of the insurance contract when he did not obtain Allstate's consent before settling his claim against McBee. Allstate claimed that the breach was material because the settlement of Golleher's claims against

McBee prejudiced Allstate's subrogation rights against McBee's solvent estate. Allstate further asserted that Golleher's dismissal with prejudice precluded Golleher from establishing that he was legally entitled to recover from McBee.

The trial court set October 22, 2002 as submission date[1] for the summary judgment motion. By written order pursuant to Golleher's motion, the trial court extended the time for Golleher to file "additional summary judgment evidence" in support of his response to Allstate's motion until October 29th. The order did not vacate or continue the October 22nd submission date.

The court had not ruled on Allstate's motion by the time the case was set on a trial docket for November 13, 2002. Pursuant to Golleher's motion at the November 6th docket call, the trial court extended the discovery deadline. The court's November 6th docket sheet entry indicates that Golleher requested extension of the discovery deadline to depose two Allstate adjusters, and that the case was continued subject to depositions and the "Court's ruling on pending SJ." This entry does not evidence any change in the submission date.

The case was continued from several subsequent trial dockets and was eventually set on a September 2003 trial docket. In June 2003, counsel for Allstate sent a letter reminding the trial court of the pending motion for summary judgment and seeking a ruling. Golleher responded to Allstate's request with an unsworn letter request for further time to

---

[1]The court directed that the summary judgment motion would be submitted without oral argument.

engage in discovery, including depositions, and to submit evidence in opposition to the motion for summary judgment.

Without addressing Golleher's request and without stating the basis for its ruling, the court entered summary judgment in favor of Allstate. Golleher filed a motion for new trial, which was denied.

On appeal, Golleher does not present a general issue challenging the summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Rather, by three issues, he contends that the trial court erred by granting Allstate summary judgment. In issue one he alleges that Allstate did not establish, as a matter of law, that it had been actually prejudiced by Golleher's settlement of his claim against McBee. In issue two he urges that he raised a genuine issue of material fact regarding whether Allstate had been actually prejudiced by his settlement. In issue three he contests the trial court's action in granting summary judgment without first setting another specific date or deadline by which Golleher was required to file evidence controverting Allstate's motion for summary judgment. We will begin by addressing the third issue.

ISSUE THREE: FAILURE TO SET ADDITIONAL
DATE FOR FILING SUMMARY JUDGMENT EVIDENCE

Rule 166a(c) of the Texas Rules of Civil Procedure requires that a motion for summary judgment and notice of a hearing date be served on the non-movant at least 21

-4-

days before the time specified for hearing. TEX. R. CIV. P. 166a(c).[2] Rule 166a also directs that the non-movant may file a response, with or without supporting evidence, at least seven days before the hearing. Because the hearing date determines when the response to the motion is due, notice of a specific hearing date is required. See Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). Provided that the requirements contained in Rule 166a are satisfied, a trial court has broad discretion in setting reasonable deadlines in summary judgment proceedings. See McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.App.–Amarillo 1999, no pet.).

The record does not show that the trial court ever altered the original October 22nd submission date. The trial court's granting of extensions for filing of evidence and discovery, and further subsequent delay in ruling on Allstate's motion, increased Golleher's time to file, or to attempt to file, evidence. He did not do so. The trial court's ruling in the face of Golleher's request for more time to attempt to engage in discovery was not an abuse of discretion and was not error. See Brown v. Capital Bank, N.A., 703 S.W.2d 231, 234 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.).

We have reviewed the cases Golleher references as authority, and find them inapposite. The cases he references deal with the requirement that each party to a suit is entitled to timely notice of a specific date for hearing or submission of a summary judgment motion. Golleher does not dispute his receipt of timely notice of the October 22nd submission date. Additionally, Golleher did not request a new submission date in his June

---

[2]Further reference to rules of civil procedure will be by reference to "Rule ___."

2003 letter seeking time for further discovery; his motion for new trial did not protest the trial court's failure to set a new submission date; and his appellate issue references only the trial court's failure to set a second specific date for filing of controverting summary judgment evidence.

Moreover, Golleher does not contend that he was precluded from filing evidence because an additional date for filing of the evidence was not provided. Rather, he argues that resolution of discovery disputes and possible depositions after June 2003 might have yielded evidence which might have created a fact question sufficient to avoid summary judgment. Under this record, however, speculation as to what evidence additional discovery might have yielded does not warrant our concluding that the trial court's failure to set a second specific date by which Golleher was to file summary judgment evidence, even if error, probably caused rendition of an improper judgment. See TEX. R. APP. P. 44.1(a).

Accordingly, we overrule issue three.

## ISSUES ONE AND TWO:
## FAILURE TO OBTAIN CONSENT TO SETTLE

Golleher's first two issues are closely related. They assert, in effect, that the summary judgment evidence presented an issue of material fact as to whether Allstate had been actually prejudiced by Golleher's settlement with McBee. Golleher does not present a general issue challenging the summary judgment. Nor does he present an issue challenging the second ground of Allstate's summary judgment motion by which Allstate

asserted that Golleher was precluded from showing that he was legally entitled to recover from McBee.

When the trial court does not specify grounds for its grant of summary judgment, an appellant must challenge all grounds urged in the motion for summary judgment to avoid waiving the right to challenge those grounds. The challenge may be either by a general issue complaining of summary judgment, or by specific appellate issues directed to each possible basis for summary judgment. See Malooly Bros., Inc., 461 S.W.2d at 121; Capstead Mortgage Corp. v. Sun America Mortgage Corp., 45 S.W.3d 233, 238 (Tex.App.–Amarillo 2001, no pet.). If summary judgment may have been granted, properly or improperly, on a ground not challenged, the summary judgment must be affirmed. See Williams v. United Pentecostal Church Int'l, 115 S.W.3d 612, 614 (Tex.App.–Beaumont 2003, no pet.); Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex.App.– Houston [1st Dist.] 2002, no pet.); Holloway v. Starnes, 840 S.W.2d 14, 23 (Tex.App.–Dallas 1992, writ denied).

Because Golleher does not challenge the second ground on which Allstate sought summary judgment, the summary judgment must be affirmed. See Malooly, 461 S.W.2d at 121; Williams, 115 S.W.3d at 614; Holloway, 840 S.W.2d at 23. Having thus determined that we must affirm the summary judgment, we need not and do not consider Golleher's first and second issues which challenge the first ground of Allstate's motion for summary judgment. See TEX. R. APP. P. 47.1.

The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice