In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-176 CV


____________________



REBECCA HERCHMAN, Appellant



V.



DP SOLUTIONS, INC., Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 34503-01-08






MEMORANDUM OPINION


 Rebecca Herchman initially filed suit against DP Solutions, Inc. and DP Solutions
Software and Consulting, Inc., under premises liability for injuries allegedly sustained while
working at her employer's premises when she tripped, stumbled or misstepped while carrying
a large box. 

 DP Solutions and DP Solutions Software and Consulting moved for a no-evidence
motion for summary judgment. After Herchman filed a response supported by various
affidavits and other summary judgment evidence, the trial court denied such motion. 
Herchman amended her petition naming DP Solutions as the only defendant (1), to assert
multiple causes of action arising out of the same incident, including negligence, gross
negligence, negligent undertaking, premises liability and violations of the Americans with
Disabilities Act (ADA). DP Solutions then filed a motion for summary judgment and an
amended no-evidence motion for summary judgment, in a single pleading. That motion was
eventually granted by the trial court. From that order, Herchman brings this appeal.

 In its motion, DP Solutions sought a traditional and no-evidence summary judgment
on the premises liability claim, and a no-evidence summary judgment on the premises
liability, negligent undertaking and ADA claims. In reviewing a summary judgment in
which the trial court has not provided the basis for its decision, as here, we must review each
ground asserted in the motion and affirm the trial court's judgment if any of these grounds
is meritorious. See Williams v. United Pentecostal Church Intern., 115 S.W.3d 612, 614
(Tex. App.--Beaumont 2003, no pet.). In reviewing a no-evidence summary judgment
motion, we examine the record in the light most favorable to the nonmovant; if the
nonmovant presents more than a scintilla of evidence supporting the disputed issue, summary
judgment is improper. See King Ranch Inc. v. Chapman, 118 S.W.3d 742, 750 (Tex. 2003). 
"Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than
create a mere surmise or suspicion' of a fact." Id. at 751. More than a scintilla of evidence
exists if it would allow reasonable and fair-minded people to differ in their conclusions. Id. 

 Neither Herchman's response to the motion or Brief Opposing Summary Judgment
address her claims for negligent undertaking or violation of the ADA. In response to the no-evidence motion, Herchman was required to produce summary judgment evidence raising
a genuine issue of material fact. See Tex. R. Civ P. 166a(i). Having failed to do so, the trial
court did not err in granting summary judgment on those claims. 

 DP Solutions also claimed there was no evidence of any of the elements of the
premises liability claim. DP Solutions correctly identified those elements as: (1) actual or
constructive knowledge of a condition on the premises by the owner or occupier; (2) the
condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise
reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use
such care proximately caused the plaintiff's injury. See Corbin v. Safeway Stores, Inc., 648
S.W.2d 292, 296 (Tex. 1983). DP Solutions argues that Herchman failed to produce more
than a scintilla of probative evidence to preclude summary judgment on its no-evidence
motion on Herchman's premises liability claim. Herchman's response to the motion did not 
incorporate or include any evidence, nor did such response make any reference or attempt
to incorporate any summary judgment evidence submitted along with her previous response
to the initial no-evidence motion for summary judgment. (2) While the response stated excerpts
from the depositions of Herchman and Dr. Thomas Clanton were attached, none was
attached. However, Herchman later submitted a brief to the trial court, to which the excerpts
were attached. DP Solutions contends because the trial court did not grant leave to file late
evidence, such evidence is not properly before this court. As DP Solutions candidly
acknowledges, the trial court expressly declared it considered the brief before it ruled on the
motion. Further, the trial court granted defense counsel fifteen days to submit a reply, before
it rendered a final ruling. DP Solutions filed such a reply. Because the record affirmatively
indicates the trial court considered Herchman's brief, we consider the attached summary
judgment evidence, as well as that attached to DP Solutions' reply. See Goswami v.
Metropolitan Sav. and Loan Ass'n, 751 S.W.2d 487, 490 (Tex. 1988); and Mello v. A.M.F.,
Inc., 7 S.W.3d 329, 332 (Tex. App.-- Beaumont 1999, pet. denied).

 Regarding the second element of a premises liability claim, Herchman's response
contends "[t]he dangerous condition was the height of the drop off, which could not be seen
when carrying an object." However, there is not even a scintilla of evidence properly before
this court that the "drop off" presented an unreasonable risk of harm. See generally County
of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002). Accordingly, we cannot find the
trial court erred in granting summary judgment on Herchman's premises liability claim.

 As we have found no evidence to preclude the no-evidence summary judgment on at
least one element of Herchman's premises liability cause of action, i.e. the existence of a
condition that posed an unreasonable risk of harm, we need not reach the element of
proximate cause. However, we note that the trial court did consider the sworn affidavit of
Dr. Thomas Clanton, M.D. as presenting more than a scintilla of evidence to raise a question
of material fact as to proximate cause of Herchman's injuries, and appeared to weigh it
against DP Solutions' offer of deposition testimony of Dr. Clanton which purported to retract
those same sworn statements. It is a well-established rule that a deposition does not have
controlling effect over an affidavit in determining whether a motion for summary judgment
should be granted. See Randall v. Dallas Power & Light Co., 752 S.W.2d 4, 5 (Tex. 1988);
Rogers v. R.J. Reynolds Tobacco Co., 761 S.W.2d 788, 790-91 (Tex. App.--Beaumont, 1988,
writ denied). The conflicting evidence is sufficient to preclude summary judgment if based
solely upon this element.

 We now turn to Herchman's remaining claims, negligence and gross negligence. The
amended no-evidence summary judgment motion wholly failed to state any elements of
negligence or gross negligence as to which there is no evidence. See Tex. R. Civ. P. 166a(i). 
Rather, DP Solutions took the position that its challenge to the premises liability claim
included a challenge to those claims, on the basis that "[p]remises liability is a type of
ordinary negligence action brought by someone who claims to have been injured by a
condition of property." While all premises liability actions are a type of action for
negligence, all negligence actions are not actions for premises liability.

 Herchman's amended petition did more than allege "a condition of property." She
alleged, among other things, that DP Solutions was negligent in failing to provide proper
equipment, such as carts, dollies, or ramps, for the move; in failing to properly prepare the
pathways for safe navigation during the move; in failing to train and supervise employees
with regard to safe techniques and procedures for transporting materials; and in failing to
establish procedures for the safe transporting of materials. The various allegations are in
keeping with a cause of action for negligence based upon failure to provide a safe place and
safe conditions in which employees may work, to furnish the employee with safe and suitable
appliances so that he or she may carry on the work with reasonable safety, or to provide an
employee adequate help in performance of his work assignment. See Werner v. Colwell, 909
S.W.2d 866, 869 (Tex. 1995); Forrest v. Vital Earth Resources, 120 S.W.3d 480, 489 (Tex.
App.--Texarkana 2003, pet. denied); Brookshire Bros., Inc. v. Lewis, 997 S.W.2d 908, 914
(Tex. App.--Beaumont 1999, pet. denied). Because Herchman alleged more than a premises
liability claim, DP Solutions' no-evidence motion did not encompass Herchman's claims for
negligence or gross negligence. Accordingly, the trial court erred in granting summary
judgment on those claims. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001);
Young v. Hodde, 682 S.W.2d 236, 237 (Tex. 1984).

 For the reasons set forth above, the judgement of the trial court is affirmed as to
Herchman's causes of action for premises liability, negligent undertaking, and violation of
the ADA. As to Herchman's causes of action for negligence and gross negligence, the
judgment of the trial court is reversed and the cause remanded. 

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.






 CHARLES KREGER

 Justice


Submitted on March 3, 2005

Opinion Delivered April 28, 2005



Before McKeithen, C.J., Kreger, and Horton, JJ.
1. The trial court granted Herchman's non-suit of DP Solutions Software and
Consulting.
2. Therefore, that evidence cannot be considered by this court on appeal. See Primrose
v. Amelia Little League, 990 S.W.2d 819, 823 n.2 (Tex. App.--Beaumont 1999, no
pet.)(citing Hendricks v. Thornton, 973 S.W.2d 348, 354 (Tex. App.--Beaumont 1998, pet.
denied)).